MARY E. WESTCOTT, complainant-respondent,

*v.*

JAMES KEERNES et al., and ABSECON LAND COMPANY, defendants-appellants.

[Submitted October term, 1929—Decided February 3d, 1930.]

*Mr. Henry W. Lewis,* for the defendant-appellant Absecon Land Company.

*Messrs. Thompson & Hanslein,* for the complainant-respondent.

The opinion of the court was delivered by

KAYS, J.

The bill of complaint in this case was filed by one Mary E. Westcott, to foreclose a mortgage claimed to be held by her on lands in Ventnor city, Atlantic county, New Jersey. This mortgage was dated July 19th, 1911, and was given by Ventnor Syndicate, a corporation, to the West Jersey Mortgage Company, a corporation, and was recorded in the clerk's office of Atlantic county on August 11th, 1911, in book 121 of mortgages, page 279. On or about September 28th, 1911, the West Jersey Mortgage Company assigned said mortgage to Ida M. Gage and Jessie A. Gage, guardian for Elizabeth D. Gage, in equal shares of $1,000 each, which assignment was recorded in said clerk's office on April 10th, 1928. The mortgage was assigned to the complainant, Mary E. Westcott. On February 6th, 1912, the Ventnor Syndicate, the owners of said premises, conveyed the mortgaged premises to the Roebling Realty Company, a corporation, which deed was recorded in said clerk's office and on the same day the said Roebling Realty Company conveyed said mortgaged premises to the E. G. Harris Company, which deed was also recorded in said clerk's office. On the same day the E. G. Harris Company executed a mortgage upon said mortgaged premises to the Roebling Realty Company to secure the payment of $800, which mortgage was also recorded in said clerk's office. The Harris Company, on April 26th, 1912, conveyed the mortgaged premises to Ambrose L. Hammell, which deed was recorded in said clerk's office, and on May 22d, 1912, Ambrose L. Hammell and wife conveyed the mortgaged premises to Ansley B. Bown, which deed was recorded in said clerk's office. On July 18th, 1913, Ansley B. Bown

and wife conveyed the mortgaged premises to one James Keernes, one of the defendants in this suit, which deed was recorded in the said clerk's office. The owner of said premises, James Keernes, defaulted in the payment of the taxes for the years 1913 and 1914. As a result of this default the municipal authorities of Ventnor city caused said premises to be sold for taxes. On October 6th, 1915, one Karl Schaffér purchased in fee the lands and premises mentioned in the complainant's bill, at the tax sale for the taxes due for the year 1913. The certificate of tax sale was duly acknowledged and recorded in the clerk's office of Atlantic county on December 23d, 1915. On September 27th, 1916, the said Karl Schaffer likewise purchased the said premises at the tax sale for delinquent taxes due thereon for the year 1914 and received a certificate of tax sale therefor duly acknowledged which was recorded in the office of the clerk of Atlantic county on March 28th, 1917. The purchaser at said tax sale, Karl Schaffer, caused an examination of the title to be made to said lands and premises and notices to be given to all the persons interested therein including the owner, James Keernes, in accordance with the statute. Such notices were given under each of said tax sales. The first notice was given on December 4th, 1915, under the first sale above mentioned and the second notice was given on November 9th, 1916, under the second sale above mentioned. The affidavits of service of such notices to redeem, however, were not recorded until April 22d, 1922, and June 14th, 1923, respectively.

Prior to the recording of these notices, to wit, on July 5th, 1921, Keernes executed and delivered a mortgage to the Absecon Land Company to secure the payment of $500. This latter company was made a party defendant in the foreclosure proceedings and is the appellant here. The Absecon Land Company filed an answer and counter-claim. In this answer and counter-claim it contended that because the mortgage given to the Absecon Land Company was executed and delivered before the notices to redeem under said tax sale were recorded in the clerk's office the mortgage held by said Absecon Land Company was a valid lien upon

the premises. The Absecon Land Company also contended that this was so notwithstanding the fact that all of Keernes' interest in the said lands and premises had been cut off by the tax sale and the notice given to him to redeem. The said appellant also contended that, as the holder of the complainant's mortgage had been given notice to redeem and did not redeem, her mortgage was thereby wiped out as a lien on the premises, and the mortgage held by the Absecon Land Company, appellant, became a first lien thereon. The solicitor of the complainant, Mary E. Westcott, gave notice to the solicitor of the defendant, the Absecon Land Company, in the court below to strike out its answer and counterclaim as constituting no bar to the complainant's right to foreclose. This motion was granted by the vice-chancellor and a decree of foreclosure advised by him in favor of the complainant. From this decree the Absecon Land Company has appealed here.

We are of the opinion that the vice-chancellor properly decided this case. The notice to redeem, standing alone, would have wiped out the lien of the complainant's mortgage. However, the proofs show that Karl Schaffer, the purchaser at the tax sale, relinquished any right to extinguish the mortgage of the complainant. The Absecon Land Company claims that because it had no notice of the failure of Keernes, the owner, to redeem from the purchaser at the tax sale that its mortgage is a valid lien upon the premises, even though Keernes had no right, title or interest in the land at the time the mortgage was given. This contention we think is wrong. The certificates of tax sale were duly recorded several years before the making of the mortgage by Keernes to the appellant, the Absecon Land Company, which certificates, as before stated, were duly recorded in the clerk's office. The record of these certificates was notice to the Absecon Land Company that a tax sale had been made, and put the Absecon Land Company on inquiry as to whether or not the right to redeem the said premises had been cut off or whether it still existed. Under the Tax act of 1903 the right to redeem the premises from the sale for taxes is barred by the

failure of the parties in interest to redeem within the time limited by law after due notice. An owner or party in interest has two years from the date of sale in which to redeem provided sixty days' notice to redeem be given within said two years. Such notice was given within two years. Therefore the right of redemption was barred upon the expiration of said period. If the Absecon Land Company failed to make inquiry of the owner of record of the certificates of tax sale then it would be bound to the same extent as if it had made such inquiry and had been informed as to the true facts concerning the same, that is, that all parties in interest at the time of the serving of such notices to redeem had been duly served or notified and that the appellant's mortgage was made thereafter. Section 54 of the Conveyancing act does not apply to the recording of the proof of the serving of notices to redeem under the Tax act of 1903.

As before pointed out the mortgage of the appellant was given a long time after the recording of the certificates of tax sale and after the notices to redeem were served on the parties in interest. Therefore the Absecon Land Company acquired no higher or better right in the premises than was held by the defendant Keernes, that is, the right to redeem under the tax sale. Until such redemption is made the mortgage of the appellant is no lien upon the premises.

The decree below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.